IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>        Plaintiffs,<br><br>    v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 22-1117 (JHS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

AND NOW, this 7th day of March, 2023, following a pretrial conference with counsel for the Parties, and pursuant to Federal Rule of Civil Procedure 16 and District of Delaware Local Rule of Civil Procedure 16.1(b), IT IS ORDERED as follows.

    1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the Parties, the Parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order. If they have not already done so, the Parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources, Default Standards for Discovery and is incorporated herein by reference).

    2.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other Parties, and to amend or supplement the pleadings, shall be filed on or before August 25, 2023.

    3.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel shall contact the Court to request a teleconference to resolve the dispute.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. Papers Filed Under Seal. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Discovery.</u>  Counsel for all Parties shall refer to Judge Slomsky's Policies and Procedures regarding all matters of discovery and correspondence with the Court.

    A. <u>Fact Discovery Cut-Off.</u>  All discovery in this case shall be initiated so that it will be completed on or before January 19, 2024.

    B. <u>Document Production And Privilege Logs.</u>  Document production shall be substantially complete by December 15, 2023, and the Parties shall exchange privilege logs that same day.

    C. <u>Requests for Admission.</u>  A maximum of 25 requests for admission are permitted for each side.

    D. <u>Interrogatories.</u>

        i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

        ii. The Court encourages the Parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

    E. <u>Depositions.</u>

        i. <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination for fact witnesses.

        ii. <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

Exceptions to this general rule may be made by order of the Court or by agreement of the Parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

6. <u>Disclosures.</u>  Absent agreement among the Parties, and approval of the Court:

    A.   By April 11, 2023, Plaintiffs shall identify the accused product(s), including accused methods and systems, and their damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

    B.   By May 12, 2023, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

    C.   By July 21, 2023, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.  Plaintiffs shall select no more than 20 asserted claims per patent and no more than 100 asserted claims total.

    D.   By August 18, 2023, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references and any contentions concerning the patent-eligibility of any asserted claim.  Defendant shall select no more than 50 total prior art references, no more than 10 total prior art invalidity grounds per asserted claim, and no more than 8 total non-prior-art invalidity grounds.

    E.   Plaintiffs shall identify no more than 50 asserted claims by September 1, 2023.

    F. Within 14 days after the claim construction order, Plaintiffs shall provide final infringement contentions.  Plaintiffs' final contentions shall identify no more than 30 asserted claims.

    G. Within 28 days after the claim construction order, Defendant shall provide final invalidity contentions.  Defendant's shall identify no more than 40 prior art references, no more than 6 prior art grounds per claim, and no more than 8 non-prior art grounds per claim.

  7. <u>Claim Construction Issue Identification.</u>  On or before September 7, 2023, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the Parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than September 14, 2023.  The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to Chambers_of_Judge_Joel_H_Slomsky@paed.uscourts.gov.  The Parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the Parties shall not provide argument.

  8. <u>Claim Construction Briefing.</u>  Plaintiffs shall serve, but not file, their opening brief, not to exceed 7,500 words on October 5, 2023.  Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on November 2, 2023.  Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on November 16, 2023.  Defendant shall serve, but not file,

its sur reply brief, not to exceed 5,000 words, on November 30, 2023. No later than December 7, 2023, the Parties shall file a Joint Claim Construction Brief. The Parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1]

1. Plaintiffs' Opening Position
2. Defendant's Answering Position
3. Plaintiffs' Reply Position
4. Defendant's Sur Reply Position

B. [TERM 2]

1. Plaintiffs' Opening Position
2. Defendant's Answering Position
3. Plaintiffs' Reply Position
4. Defendant's Sur Reply Position

Etc.

The Parties may not present more than 10 total disputed terms for construction. For each term in dispute, there should be a table or the like setting forth the term in dispute and the Parties' competing constructions. The table does not count against the word limits. If there are any materials that would be submitted in an appendix, the Parties shall submit them in a Joint Appendix.

9. <u>Tutorial Describing the Technology and Matters in Issue.</u> The Parties shall provide the Court, no later than December 21, 2023, a tutorial on the technology at issue. In that regard, the Parties may separately or jointly submit a video of not more than thirty (30) minutes. The video may be sent on a memory stick, hard drive, or other commonly used digital media. The

tutorial should focus on the technology in issue and should not be used for argument. Each party may comment, in writing (in no more than five (5) double-spaced pages) on the opposing party's tutorial. Any such comment shall be filed no later than January 9, 2024. As to the format selected, the Parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Hearing on Claim Construction.</u> On February 21, 2024, beginning at 10:00 a.m., in courtroom 13A, in the United States Courthouse, 601 Market St., Philadelphia, PA, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction brief is due), the Parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11. <u>Disclosure of Lay Witness Testimony.</u> A party intending to offer lay witness opinion testimony must disclose the name of any witness who will offer such an opinion and a brief summary of each such opinion at the same time the expert reports are exchanged.

12. <u>Disclosure of Expert Witness Testimony.</u>

A. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on May 14, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on June 11, 2024. And reply disclosure of expert testimony on issues where the party has the initial burden of proof on subject matter is due on July 9, 2024. No other expert reports will be permitted without either the consent of all Parties or leave of the Court. Along with the submissions of the expert reports, the Parties shall advise of the dates and times of their experts' availability for deposition.

    B.  Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion. The Court will set a schedule for all such motions, provided, however, that the Parties should follow the Court's Policies and Procedures concerning the submission of such motions in connection with case dispositive motions.

    C.  Expert Discovery Cut-Off.  The Parties shall complete all discovery on July 30, 2024.

  13.  Case Dispositive Motions.  All case dispositive motions shall be served and filed on August 27, 2024.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Absent leave of court for good cause shown, no party may file more than one case dispositive motion.  Motions for summary judgment and responses shall be filed in the form prescribed in Judge Slomsky's Policies and Procedures and in accordance with the District of Delaware's Local Rules of Civil Procedure.

  14.  Pretrial Conference.  On November 12, 2024, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 10:00a.m.  The Parties shall file a joint proposed final pretrial order in compliance with District of Delaware Local Rule 16.3(c) no later than 5:00 p.m. on October 1, 2024.  Unless otherwise ordered by the Court, the Parties shall comply with the timeframes set forth in District of Delaware Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

  15.  Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each SIDE shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine*

8

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to District of Delaware Local Rules 47 and 51 the Parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Slomsky's staff.

17. <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on December 2, 2024 with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18. <u>Status Conference.</u> The Court will hold a telephone status conference on June 20, 2023 at 2:00 p.m. The Court will provide the Parties a dial-in number in advance of that call. During that status conference, the Parties shall be prepared to discuss, among other things, the following: (a) the status of discovery; and (b) the need and potential schedule for any discovery requests under the Hague Convention or other requests for international judicial assistance.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FARNAN LLP |
| /s/ *Karen Jacobs* | /s/ *Michael J. Farnan* |
| Karen Jacobs (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@mnat.com | Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| OF COUNSEL:<br>Nicholas Groombridge<br>Jennifer H. Wu<br>Josephine Young<br>Jennifer Rea Deneault<br>Joshua Reich<br>Chih-wei Wu<br>GROOMBRIDGE, WU,<br>    BAUGHMAN & STONE LLP<br>565 Fifth Avenue, Suite 2900<br>New York, New York 10017<br>332-269-0030 | OF COUNSEL:<br>Edward R. Reines<br>Derek C. Walter<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Tel: (650) 802-3000<br>Fax: (650) 802-3100<br>edward.reines@weil.com<br>derek.walter@weil.com |
| *Attorneys for 10x Genomics, Inc. and the Board of Trustees of the Leland Stanford Junior University* | *Attorneys for Parse Biosciences, Inc.* |

March 2, 2023

                                               **BY THE COURT:**

                                             /s/ Joel H. Slomsky
                                             JOEL H. SLOMSKY, J.

## Exhibit A – Chart of Events

| Event | Date |
|---|---|
| Deadline to serve Rule 26(a)(1) Initial Disclosures | Within 10 days of entry of the Scheduling Order |
| Deadline to submit a proposed protective order | Within 30 days of entry of the Scheduling Order |
| Deadline for Plaintiffs to identify the accused product(s) and produce the file history for each patent | April 11, 2023 |
| Deadline for Defendant to produce core technical documents related to the accused product(s) and sales figures for the accused product(s) | May 12, 2023 |
| Status conference | June 20, 2023 at 2:00p.m. |
| Deadline for Plaintiffs to serve initial infringement chart; no more than 20 asserted claims/patent; no more than 100 asserted claims total | July 21, 2023 |
| Deadline for Defendant to serve initial invalidity contentions; 50 or fewer prior art references; 10 or fewer prior art grounds per claim; 8 or fewer total non-prior art grounds | August 18, 2023 |
| Deadline for motion to join other Parties, and to amend or supplement the pleadings | August 25, 2023 |
| Plaintiffs' identification of 50 or fewer claims | September 1, 2023 |
| Deadline for Parties to exchange claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) | September 7, 2023 |
| Deadline to file Joint Claim Construction Chart | September 14, 2023 |
| Deadline for Plaintiffs to serve opening claim construction brief | October 5, 2023 |
| Deadline for Defendant to serve answering claim construction brief | November 2, 2023 |
| Deadline for Plaintiffs to serve reply claim construction brief | November 16, 2023 |
| Deadline for Defendant to serve sur reply claim construction brief | November 30, 2023 |

| Event | Date |
|---|---|
| Deadline to file Joint Claim Construction Brief | December 7, 2023 |
| Deadline for substantial completion of document production and privilege logs | December 15, 2023 |
| Deadline to provide technology tutorial | December 21, 2023 |
| Deadline to comment on technology tutorials | January 9, 2024 |
| Fact discovery cut-off | January 19, 2024 |
| Hearing on claim construction | February 21, 2024 at 10:00 a.m. |
| Deadline for Plaintiffs to serve final infringement chart; 30 or fewer asserted claims | 14 days of entry of the claim construction order |
| Deadline for Defendant to serve final invalidity contentions; no more than 40 prior art references; 6 or fewer prior art grounds per claim; 8 or fewer non-prior art grounds per claim | 28 days of entry of the claim construction order |
| Deadline to serve opening expert reports | May 14, 2024 |
| Deadline to serve rebuttal expert reports | June 11, 2024 |
| Deadline to serve reply expert reports | July 9, 2024 |
| Expert discovery cut-off | July 30, 2024 |
| Deadline to file case dispositive motions and *Daubert* motions | August 27, 2024 |
| Deadline to file joint proposed final pretrial order | October 1, 2024 |
| Pretrial conference | November 12, 2024 at 10:00 a.m. |
| Trial | December 2, 2024 at 9:30 a.m. |