IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and<br>THE BOARD OF TRUSTEES OF THE<br>LELAND STANFORD JUNIOR<br>UNIVERSITY,<br><br>      Plaintiffs,<br><br>  v.<br><br>PARSE BIOSCIENCES, INC.,<br><br>      Defendant. | CIVIL ACTION<br>NO. 22-1117 |

**ORDER**

**AND NOW**, this 20th day of February 2024, upon consideration of Defendant Parse Biosciences, Inc.'s Renewed Motion to Stay Pending Inter Partes Review (Doc. Nos. 152, 153), and the letter from Counsel for Defendant, Brian E. Farnan, Esquire, regarding the requested stay (Doc. Nos. 154), it is **ORDERED** that the Motion (Doc. No. 152) is **DENIED**.[1]

---

[1] On November 6, 2023, Defendant Parse Biosciences, Inc. filed a Motion to Stay Pending Inter Partes Review. (Doc. No. 86.) On December 21, 2023, the Court denied this Motion to Stay. (Doc. No. 121.) On February 8, 2024, Defendant filed a Renewed Motion to Stay Pending Inter Partes Review (Doc. No. 152), citing the Patent Trial and Appeal Board's ("PTAB") reversal of its previous denial of review of U.S. Patent Nos. 10,697,013 and 10,240,197. (See Doc. No. 160 at 2.) Because of the PTAB's reversal, the Board will now be reviewing for validity the three patents in the "Brenner" family of patents (U.S. Patent Nos. 10,155,981, 10,697,013 and 10,240,197). (See id.) PTAB will not be reviewing the validity of the Giresi Patents (U.S. Patent Nos. 10,150,995, 10,619,207 and 10,738,357). The Giresi Patents are also in issue in this case despite Defendant's representation that it is not using the technology described in them. (See id.)

"A court has discretionary authority to grant a motion to stay." 454 Life Scis. Corp. v. Ion Torrent Sys., Inc., C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016). Courts generally consider three factors to determine whether a stay is appropriate:

> (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3)

1

> whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.

Id. (citing Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC, Civ. No. 15-516-LPS-CJB, 2016 WL 558615, at *1 (D. Del. Feb. 11, 2016)).  Here, upon careful consideration by the Court of these factors and how they would apply in this case, they do not favor granting a stay.

The first factor weighs against granting a stay.  A stay will not substantially simplify the issues for trial in this case because a PTAB's decision will not fully resolve the parties' dispute.  See Courtesy Products, LLC v. Hamilton Beach Brands, Inc., 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015); Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc., 193 F. Supp. 3d 345, 349 (D. Del. 2016) (finding that the first factor weighed against granting the stay because "the PTAB could at most invalidate 50% of t[he] claims" therefore, any PTAB decision "will leave behind a lot to (at least potentially) be litigated here. . .")

The PTAB has only granted inter partes review of the three Brenner Patents (the '981, '013 and '197 patents), leaving the claims regarding the Giresi Patents (the '995, '207 and '357 Patents) to be litigated here.  As Plaintiffs properly pointed out, "the parties' disputes regarding the. . . Giresi Patents will need to be resolved in this action" and "[t]he parties will need to engage in the full scope of fact and expert discovery in this case as to at least these patents and Parse's Single Cell ATAC-seq Product." (Doc. No. 97 at 10.)  Thus, a stay will not substantially simplify the issues.

The second factor, the status of the litigation, is a neutral one.  With this factor, a court evaluates at what stage the case is in and the resources already expended by the court and the parties.  See Cronos Techs., LLC v. Expedia, Inc., C.A. No. 13-1538-LPS, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (explaining that "[g]iven the resources already expended by both sides and the Court in this case, the stage of the case weighs against granting a stay [pending reexamination]" when "expert discovery is complete and last week the parties filed their case dispositive motions and Daubert motions"); IOENGINE, LLC v. PayPal Holdings, Inc., C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019) (staying case, in part, because "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future").

Here, while Plaintiffs note that "the parties have invested substantial resources in moving the case towards the scheduled December 2, 2024 trial" including Plaintiffs producing "approximately 50,000 pages of documents," a Motion to Dismiss the Complaint being litigated, and a Markman hearing scheduled for February 21, 2024, much of the case lies ahead, including completing discovery, preparing expert reports and filing and responding to pretrial motions.  (See Doc. No. 97 at 10.)  For all these reasons, the second factor is a neutral one.

The third and final factor, prejudice against the non-movant or allowing the movant to gain a tactical advantage, weighs in favor of a stay.  In evaluating undue prejudice and whether a tactical advantage is gained, courts consider (1) the timing of the request for review; (2) the timing of the

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. IOENGINE, 2019 WL 3943058, at *5.  Regarding the last factor, "when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." SenoRx, Inc. v. Hologic, Inc., C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *8 (D. Del. Jan. 11, 2013).

Here, Plaintiffs allege that the parties are direct competitors. (Doc. No. 97 at 16.)  Plaintiffs submit that Defendant "is targeting 10x's market share and customers while denigrating 10x's product. All while using 10x's patented technology." (Id.)  Defendant predicts, however, that the PTAB will issue a ruling on the validity of the "Brenner" patents by October 2024.  But staying this case now will delay this litigation a considerable length of time, allowing Defendant to use the technology in issue to the detriment of Plaintiffs if they prevail in this case.  Thus, the timing of the request for the stay coupled with the prejudice to Plaintiffs weighs against granting a stay under the third factor.  Moreover, the longer this case is delayed— the Complaint was filed on August 22, 2022 –the greater the chance that Defendant may gain a tactical advantage over Plaintiffs, especially from the continued use of the technology in question.

In sum, on balance, two of the three factors weigh against granting the stay and one factor is neutral.  Consequently, Defendant's Renewed Motion to Stay (Doc. No. 152) will be denied.